# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 15, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES D. WHITE,**
**Claimant Below, Petitioner**

**vs.)    No. 16-1096** (BOR Appeal No. 2051184)
                    (Claim No. 860042131)

**CONSOLIDATION COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James D. White, by William B. Talty, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Consolidation Coal Company, by Bradley A. Crouser, its attorney, filed a timely response.

The issue on appeal is the amount of permanent partial disability Mr. White sustained as a result of his compensable right knee injury. The claims administrator granted a 4% permanent partial disability award on July 11, 2013. The Office of Judges affirmed the decision in its March 2, 2016, Order. The Order was affirmed by the Board of Review on September 27, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. White, a coal tipple operator and mechanic, was injured in the course of his employment on January 18, 1986, when his right knee was struck by a heavy pipe. The claim was originally held compensable for sprain/strain of the knee/leg and later for loose body in knee and lesion in lateral peroneal nerve.

A February 23, 2012, treatment note by Yogesh Chand, M.D., indicates Mr. White was doing much better after right knee surgery. He had no numbness or tingling of his right foot but did still experience a burning sensation. He indicated that Mr. White had arthritis of the knee and as a result of loose bodies digging into the articular surface, the condition was steadily

1

degenerating. He did not require a total arthroplasty at that time. Dr. Chand opined that Mr. White had reached maximum medical improvement.

On June 26, 2013, Joseph Grady, M.D., performed an independent medical evaluation in which he found that Mr. White had reached maximum medical improvement. At that time, the compensable conditions in the claim were lesion of lateral popliteal nerve, loose body of knee, sprain of unspecified sites of the knee and leg, and sprain/strain of the knee and leg. Mr. White worked until November 10, 1999, when he sustained a lower back injury. A July 6, 2009, MRI of the right knee showed myxoid degeneration of the medial meniscus without a definite tear. An EMG revealed right peroneal neuropathy. On November 16, 2011, Mr. White underwent a right knee arthroscopy. He continued to treat with Dr. Chand on a regular basis. On examination, Dr. Grady noted Mr. White's right knee flexion was 115 degrees for the right knee and 130 for the left. Knee extension was normal. Dr. Grady diagnosed status post right knee arthroscopy and repositioning of the peroneal nerve with some residual peroneal neuropathy. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Grady found no specific ratable impairment for Mr. White's knee surgery under Table 64. Based on range of motion, he assessed a 0% impairment rating. For the peroneal nerve injury, he found 0% for the common peroneal nerve but did find 20% motor deficit. This equates to 3% whole person impairment. He also assessed 1% for abnormal sensation in the right foot. His total recommendation was 4% impairment. The claims administrator granted a 4% permanent partial disability award on July 11, 2013. On March 3, 2014, the claims administrator authorized a right foot brace requested by Dr. Chand.

In a June 4, 2014, report, Dr. Chand estimated Mr. White's impairment using the American Medical Association's *Guides*. He indicated Mr. White had gait derangement for which he was using a cane and right knee brace, both on a full time basis. Using Table 36-F of the *Guides*, Dr. Chand assessed 30% whole person impairment. He made no mention of impairment for muscle atrophy. For range of motion he assessed 4% impairment. He recommended 8% impairment for right knee arthritis which he described as mild. Per Table 64, he assessed 5% impairment for Mr. White's patella fracture. Dr. Chand also assessed 7% impairment for minor loss of function on dorsiflexion of the ankle due to the constant use of a brace. His total combined recommendation was 36% impairment.

On July 7, 2014, Mr. White requested that the Office of Judges take judicial notice of a February 19, 2013, Order which added loose body in knee and lesion in lateral peroneal nerve as compensable components of the claim. He also asked that the March 21, 2013, Order authorizing arthroscopic surgery for the right knee, peroneal nerve entrapment release, and physical therapy be recognized.

Syam Stoll, M.D., performed a medical record review on March 12, 2015, in which he noted that Mr. White was examined on January 19, 1986, and diagnosed with a right knee sprain. Dr. Stoll found per West Virginia Code of State Rules § 85-20 (2006) that the claim was beyond the treatment guidelines by twenty-nine years. He believed the present right knee issues were due to the natural aging process. He stated that loose bodies in the knee can be caused by degenerative joint disease. Based on Dr. Chand's operating note, Dr. Stoll concluded Mr. White has a moderate

tricompartmental chondromalacia grade three, which would be a normal finding in a man of his age. He further concluded that the lack of medical records and treatment since 1986 leads to the conclusion that Dr. Chand's assumption that Mr. White's condition is work related is clearly not medically plausible or supported by the evidence.

In a July 16, 2015, independent medical evaluation, Michael Condaras, M.D., concluded that Mr. White's knee flexion was 112 degrees on the right. His range of motion was normal per the American Medical Association's *Guides*. Dr. Condaras concluded Mr. White sustained a sprain/strain to the right knee twenty-nine years prior. He had returned to full duty work in July of 1986 and did not seek further treatment until 2009. Any issues in the right knee are related to the normal aging process.

In an August 6, 2015, letter, Dr. Chand challenged aspects of Dr. Condaras's report, indicating that there are thirteen categories of impairment in the American Medical Association's *Guides* which if not inclusive, need to be combined. In a second letter dated September 11, 2015, Dr. Chand stated that there are thirteen categories for determining impairment under the *Guides*. Only the highest of the non-inclusive ones should be given and then combined. Based on his reading of Dr. Condaras's report, he only considered one aspect of the categories. Dr. Chand challenged Dr. Condaras's findings. He noted that Dr. Condaras did not evaluate Mr. White's peroneal nerve. He stated that the peroneal nerve injury was not an integral part of range of motion, loss of limb, or atrophy of the thigh. Therefore, the gait derangement method should be combined with the peroneal nerve injury.

In a letter dated October 14, 2015, Dr. Condaras responded to Dr. Chand's correspondence. He indicated that he saw no atrophy or muscle weakness in the knee or any evidence of gait derangement which would be attributable to Mr. White's 1986 injury. Sensory testing showed some diminished sensation of an inconsistent pattern. Dr. Condaras agreed with Dr. Grady that there was 3% impairment for the peroneal nerve. He stated that the only viable category for rating Mr. White's impairment was range of motion.

The Office of Judges affirmed the claims administrator's grant of a 4% permanent partial disability award on March 2, 2016. It found that the issue at hand is with regard to the technique employed to determine Mr. White's right knee impairment. The only medical report suggesting that he should receive an impairment rating for gate derangement is that of Dr. Chand. Dr. Chand awarded 30% impairment for gait derangement based on Mr. White's assertion that he uses a short leg brace and cane full-time. The Office of Judges found that the Americana Medical Association's *Guides* state that for moderate severity, if the claimant requires the use of a cane or a crutch and short leg brace, 30% impairment is appropriate. However, the Office of Judges determined that while the short leg brace was authorized under the claim, there is no indication a cane was ever authorized. Also, Mr. White provided no report by Dr. Chand recommending the use of a cane. Therefore, the sole basis for Dr. Chand's recommendation of 36% impairment is Mr. White's assertion that he requires a brace and cane full time. Since the record contains no such representation from a physician, he was found to not fall into the moderate range of impairment and Dr. Chand's report was determined to be unreliable. The Office of Judges further determined that he received minimal treatment for his 1986 injury until 2009. The compensable injury did not

3

cause Mr. White to cease his employment. Dr. Grady's report was found to be a credible assessment of impairment, and Dr. Condaras's report generally supports Dr. Grady's findings. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on September 27, 2016.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Dr. Grady's report is the most reliable of record and is supported by a preponderance of the evidence. Dr. Chand's report is based upon nothing more than Mr. White's assertion that he requires a brace and cane on a full-time basis. There is no medical evidence of record showing that a physician has ever reached that conclusion or made that recommendation. Dr. Chand's report is therefore unreliable and Dr. Grady's credible report was properly relied upon.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 15, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker